# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5436 | **DATE** | 3/29/2011 |
| **CASE TITLE** | POWER OF PRAISE WORSHIP CENTER CHURCH vs. VILLAGE OF DIXMOOR, ILLINOIS et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's petition for attorney fees and expenses [22] is granted in part. Plaintiff is awarded $45,575.00 in attorneys' fees and $863.28 in costs for a total award of $46,438.28,

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

# ORDER

This matter is before the court on Plaintiff Power of Praise Worship Center Church's (Church) petition for attorneys' fees and expenses (Petition). On August 27, 2010, the Church filed a complaint against Defendant Village of Dixmoor, Illinois (Village) and Defendant Fred Cody, alleging, among other things, that Defendants violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq* (RLUIPA), by preventing the Church from operating at 14323 Western Avenue (Leased Premises) because it allegedly violated the Village's zoning ordinances.

On August 30, 2010, the Church filed an emergency motion for a temporary restraining order (TRO Motion), and on August 31, 2010, the court granted the TRO Motion and entered a temporary restraining order. Shortly thereafter, the parties agreed to preserve the status quo,

and on December 8, 2010, by agreement of the parties, the court entered a permanent injunction against Defendants, which provided that the Church would be permitted to operate at the Leased Premises without further interference by Defendants so long as the Church complied "with the Village's fire, safety, and building codes, as neutrally and generally applied." (DE 17). Since that date, the parties have been engaged in settlement negotiations as to damages, and the Church has filed the instant Petition for damages.

In its Petition, the Church requests $4,441.83 in costs and $47,085.00 in attorneys' fees. Defendants have not addressed the amount requested by the Church in costs. However, with respect to the attorneys' fees requested by the Church, Defendants argue that the attorneys' fees requested by the Church are excessive, redundant, or relate to time spent on tasks unnecessary to the litigation.

Pursuant to 42 U.S.C.§ 1988 (Section 1988), "[i]n any action . . . to enforce . . . [the RLUIPA], . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id.* A party is deemed to be a "prevailing party" under Section 1988 if there is "a material alteration in the legal relationship of the parties" that "arise[s] from a court order." *Walker v. Calumet City, Ill.*, 565 F.3d 1031, 1033-34 (7th Cir. 2009)(citations omitted)(internal quotations omitted). As noted above, the court entered a permanent injunction against Defendants in this case on December 8, 2010. Therefore, the Church is a "prevailing party" for the purposes of awarding attorneys' fees pursuant to Section 1988.

In determining whether the amount of attorneys' fees requested by the Church is reasonable, the court employs "the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Gastineau v. Wright*, 592

| STATEMENT |
|---|

F.3d 747, 748-49 (7th Cir. 2010)(stating that the court should also consider factors such as "the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation") (internal quotations omitted)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)); *see also Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 905 (7th Cir. 2009)(stating that "[t]he reasonableness of an attorney's billing rate depends on the experience and qualifications of the professional"); *Jaffee v. Redmond*, 142 F.3d 409, 413 (7th Cir. 1998)(stating that in determining attorneys' fee awards under Section 1988, "the court must determine a 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate" and that "[t]he court may then reduce or augment the lodestar amount by considering . . . the *Hensley* factors").

    The Church has provided detailed documentation to support its requested attorneys' fees, including ample support showing that the Church's attorneys' billing rates are reasonable based on the attorneys' extensive experience in litigating similar cases. However, as Defendants point out, in its attorneys' fees request, the Church includes $1,510.00 in fees for time spent on media publicity. Such fees are generally not recoverable as legal fees necessary to the litigation. *See, e.g., Jenkins v. Missouri*, 131 F.3d 716, 721 (8th Cir. 1997); *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993); *Teresa R. v. Madison Metropolitan School Dist.*, 615 F.Supp.2d 860, 863 (W.D. Wis. 2009); *Frami v. Ponto*, 2003 WL 23120023, at *3 (W.D. Wis. 2003). With respect to the $570.00 in fees for time spent on the Legal Services Agreement between the Church and its attorneys, which Defendants also object to as unnecessary to the litigation, the court finds that such fees are recoverable. *See, e.g., Decker v. Transworld Systems, Inc.*, 2009 WL 2916819, at *5 (N.D. Ill. 2009). Based on the above, of the $47,085.00 in attorneys' fees requested, the court reduces the amount by $1,510.00 and awards the Church $45,575.00 in

| STATEMENT |
|---|

attorneys' fees. Such an award is warranted since during the course of this litigation, the Church's attorneys were required, among other tasks, to do extensive research into the Village's zoning codes, investigate the history between the Church and the Village, draft a comprehensive complaint, draft and prepare to orally argue the TRO Motion, negotiate a permanent injunction, attend multiple court hearings, and reasonably calculate damages. Such an award is also reasonable based on the Church's success in immediately obtaining a temporary restraining order and ultimately obtaining a permanent injunction and based on the public interest at stake in holding those accountable who violate the RLUIPA.

In addition, although Defendants did not address the costs requested by the Church, $3,578.55 in costs requested by the Church appear to be related to media publicity. Therefore, of the $4,441.83 in costs requested, the court reduces the amount by $3,578.55 and awards the Church $863.28 in costs. *See, e.g., Jenkins*, 131 F.3d at 721; *Watkins*, 7 F.3d at 458; *Teresa R.*, 615 F.Supp.2d at 863; *Frami*, 2003 WL 23120023, at *3. Based on the above, the court awards the Church $45,575.00 in attorneys' fees and $863.28 in costs, for a total award of $46,438.28 in attorneys' fees and costs.